IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT BOUNDS,**

    **Petitioner,**

**v.**                                                  **No. CV 11-0265 JCH/LAM**

**JAMES JANECKA, WARDEN, et al.,**

    **Respondents.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Petitioner Robert Bounds' 28 U.S.C. § 2254 petition [*Doc. 3*], filed April 1, 2011. Mr. Bounds is incarcerated and proceeding *pro se*. [*Doc. 6*]. Respondents filed their answer to the petition on June 8, 2011. [*Doc. 11*]. United States District Judge Judith C. Herrera referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Mr. Bounds' *Petition Pursuant to 28 U.S.C. Section 2254 for Writ of Habeas Corpus (Doc. 3)* be **DISMISSED with prejudice**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*,

---

[1] **Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

In his petition, Mr. Bounds claims that his due process rights were violated because the state district court denied his state habeas petition without holding an evidentiary hearing. [*Doc. 3* at 19]. Mr. Bounds also appears to be raising eleven claims alleging errors by the trial court and ineffective assistance of counsel. *Id.* at 7 (indicating that Mr. Bounds is raising the eleven grounds raised in Section 8(f) of his petition). Mr. Bounds asks the Court for an evidentiary hearing, to set aside his conviction, and to appoint him an attorney. *Id.* at 14.

## *I. Procedural Background*

On June 28, 2004, following a jury trial, Mr. Bounds was found guilty in state criminal case CR-2003-0048-6 of the offenses of Murder in the Second Degree, a second-degree felony resulting in the death of a human being, in violation of N.M.S.A. 1978 § 30-02-01(B), which was further declared a serious violent offense pursuant to N.M.S.A. 1978 §§ 31-18-15(F) and 33-2-34; three counts of Tampering with Evidence, fourth-degree felonies, in violation of N.M.S.A. § 30-22-5; and larceny, a fourth-degree felony, in violation of N.M.S.A. 1978 § 30-16-1. [*Doc. 11-1*, Exhibit A at 1-2] (Judgment, Sentence and Commitment to the Corrections Department entered in the state district court). On October 13, 2004, Mr. Bounds was convicted pursuant to a guilty plea in state criminal case CR-2003-0022-6 to two counts of Tampering with Evidence, fourth-degree felonies, in violation of N.M.S.A. 1978 §§ 30-22-05. *Id.* at 1. On October 21, 2004, in CR-2003-0048-6, Mr. Bounds was sentenced to a total term of incarceration of twenty-six (26) years followed by five years on parole, and, in CR-2003-0022-6, Mr. Bounds was sentenced to a total term of incarceration of eighteen months. *Id.* at 2-4. The state district court imposed the sentence in CR-2003-0048-6

to run consecutively to the sentence in CR-2003-22, for a total term of incarceration of twenty-seven and one-half (27 1/2) years.  *Id.* at 4.

On October 29, 2004, Mr. Bounds appealed his conviction for Murder in the Second Degree to the New Mexico Supreme Court.  [*Doc. 11-1*, Exhibits E (Notice of Appeal) and F (Statement of Issues)].  On November 15, 2004, the state district court entered an amended judgment and sentence to award Mr. Bounds seven hundred and four days (704) of presentence confinement time "and for post-sentence confinement until delivery to the Corrections Department."  [*Doc. 11-1*, Exhibit B at 9-10].  On January 6, 2005, the New Mexico Supreme Court transferred Mr. Bounds' appeal of his conviction to the New Mexico Court of Appeals.  [*Doc. 11-1*, Exhibits H and I].  On April 4, 2007, the New Mexico Court of Appeals issued two opinions – one memorandum opinion (unpublished) affirming Mr. Bounds' conviction ([*Doc. 11-3*, Exhibit O]), and one formal opinion, published at *State v. Bounds*, 2007-NMCA-062, 141 N.M. 651, 159 P.3d 1136, finding that Mr. Bounds' sentence violated the Sixth Amendment because the enhancement should have been based on findings made by a jury using the reasonable doubt standard, and remanding the case to the trial court to impose a sentence consistent with the United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270 (2007).  [*Doc. 11-3*, Exhibit P].  On April 13, 2007, the State of New Mexico filed a petition for a writ of certiorari with the New Mexico Supreme Court based on the New Mexico Court of Appeals' opinion regarding Mr. Bounds' sentence enhancement.  [*Doc. 11-3*, Exhibit Q].  On April 26, 2007, the state district court entered a second amended judgment pursuant to the remand order from the New Mexico Court of Appeals to remove the five-year enhancement and alter the parole term from five years to two years.  [*Doc. 11-1*, Exhibit C at 14-15].  On April 19, 2007, Mr. Bounds filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' memorandum opinion affirming his

conviction (but not concerning the sentencing enhancement issue addressed in their formal opinion). [*Doc. 11-3*, Exhibit Y]. The New Mexico Supreme Court denied Mr. Bounds' petition for writ of certiorari on May 21, 2007. [*Doc. 11-3*, Exhibit Z]. The New Mexico Supreme Court initially granted the State of New Mexico's petition for writ of certiorari regarding the decision on Mr. Bounds' sentence enhancement ([*Doc. 11-3*, Exhibit R]), but then, on January 16, 2008, quashed the petition ([*Doc. 11-3*, Exhibit V]).

On April 24, 2008, Mr. Bounds filed a motion for modification of his sentence with the state district court ([*Doc. 11-4*, Exhibit AA]), which was dismissed on April 29, 2008 ([*Doc. 11-4*, Exhibit BB]). On March 27, 2009, Mr. Bounds filed a *pro se* petition for a writ of habeas corpus with the state district court ([*Doc. 11-4*, Exhibit CC]), which was dismissed on July 13, 2009 ([*Doc. 11-4*, Exhibit DD]). On January 5, 2010, Mr. Bounds filed a second *pro se* petition for a writ of habeas corpus with the state district court ([*Doc. 11-5*, Exhibit EE-1]), which was dismissed on February 8, 2010 ([*Doc. 11-5*, Exhibit EE-2]).[2] On March 9, 2010, Mr. Bounds filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the denial of his second state habeas petition. [*Doc. 11-6*, Exhibit HH]. On March 23, 2010, the New Mexico Supreme Court denied Mr. Bounds' petition for writ of certiorari on his state habeas petition. [*Doc. 11-6*, Exhibit II]. On March 25, 2011, Mr. Bounds filed a ***Motion for Continuance (Doc. 1)***, asking for an extension of the deadline to file his Section 2254 petition and, on April 1, 2011, Mr. Bounds filed his Section 2254 petition ([*Doc. 3*]).

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings,

---

[2]The state district court entered a second order denying Mr. Bounds' second petition for writ of habeas corpus on March 19, 2010. [*Doc. 11-5*, Exhibit GG].

however, courts cannot "assume the role of advocate" for him.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted).  Courts "are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted).  Because Mr. Bounds is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### *II.  AEDPA's One-Year Limitation Period*

Respondents contend that the petition should be dismissed because it is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A).  [*Doc. 11* at 10-13].  Respondents state that Mr. Bounds' petition was filed one hundred and thirteen (113) days after the one-year time limitation under Section 2244 to file a Section 2254 petition.  *Id.* at 13.

The provisions of 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (hereinafter, "AEDPA"), govern this case.  AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state petitioners.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

>recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). There is no indication that options (B)-(D) apply in this case, so Mr. Bounds' limitation period falls under subparagraph (A).

On May 21, 2007, the New Mexico Supreme Court dismissed Mr. Bounds' petition for writ of certiorari regarding the direct appeal of his judgment. [*Doc. 11-3*, Exhibit Z]. Mr. Bounds then had ninety (90) days, or until August 19, 2007, in which to file a petition for writ of certiorari with the United States Supreme Court (U.S. Sup. Ct. Rule 13, 28 U.S.C. A.), but he did not do so.[3] Therefore, Mr. Bounds' state court judgment became final under Section 2244(d)(1)(A) on August 20, 2007, because that was the day after the expiration of time for seeking review of his judgment. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (explaining that the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) begins to run on the day after expiration of the time seeking review). Mr. Bounds, therefore, had until August 19, 2008 (because 2008 was a leap year) in which to file his Section 2254 petition. The one-year period of limitation, however, is tolled, *i.e.*, not counted toward any period of limitation, for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[3]Respondents state that Mr. Bounds had fifteen days to file a motion for rehearing with the New Mexico Supreme Court from the denial of certiorari review, pursuant to Rule 12-404 NMRA and *Serrano v. Williams*, 383 F.3d 1181, 1185 (10th Cir. 2004). [*Doc. 11* at 11]. While Respondents are correct in stating that Mr. Bounds could have filed a motion for rehearing with the New Mexico Supreme Court within fifteen days of the denial of his petition for writ of certiorari on his direct appeal and that this would have tolled the AEDPA limitation period by fifteen days, Mr. Bounds also had ninety days to file a petition for a writ of certiorari with the United States Supreme Court, and the one-year limitations period would have been tolled for those ninety days. *See Rhine v. Boone*, 182 F.3d 1153, 1155-56 (10th Cir. 1999), *cert. denied*, 528 U.S. 1084 (2000). Mr. Bounds, however, would not be allowed to toll the limitation period by both fifteen days and ninety days.

or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Assuming for purposes of these proposed findings and recommended disposition that Mr. Bounds' motion for modification of his sentence was timely filed with the state district court ([*Doc. 11-4*, Exhibit AA]), statutory tolling would extend the one-year limitation for 6 days, from April 24, 2008, the date it was filed, to April 29, 2008, the date it was denied ([*Doc. 11-4*, Exhibit BB]). Resuming the one-year limitation period again from April 30, 2008, Mr. Bounds had until August 25, 2008,[4] to file this action (*i.e.*, the original deadline of August 19, 2008 extended by the 6-day tolling period to August 25, 2008).[5] Because Mr. Bounds did not file this action until March 25, 2011,[6] his petition was untimely by approximately two years and seven months.

The Court notes that there are two dates, other than August 20, 2007, upon which Mr. Bounds could argue that his judgment became final. The Court will, therefore, address these two scenarios as well. First, Mr. Bounds could argue that the date upon which the state district court entered a second amended judgment in Mr. Bounds' state criminal case (*i.e.,* April 26, 2007, [*Doc. 11-1*, Exhibit C]) is the date that triggers the one-year limitation period. In this scenario, Mr. Bounds would have had thirty days from April 26, 2007 (or until May 29, 2007 due to the

---

[4]The one-year limitation period ran on August 23, 2008, which was a Saturday, so Mr. Bounds would have had until the following Monday, or August 25, 2008, in which to file this action.

[5]In their answer, Respondents incorrectly restart the entire one-year limitation period on April 30, 2008 and state that Mr. Bounds' Section 2254 petition was due on April 30, 2009. [*Doc. 11* at 12]. Under Section 2244(d)(2), the filing of a state habeas petition or other collateral review tolls the limitations period; it does not restart the one-year clock. Also, Respondents tolled the one-year period for the time during which Mr. Bounds' state habeas petitions were under review ([*Doc. 11* at 12-13]), but the time during which those petitions were under review should not toll the one-year limitation period because the deadline for filing his Section 2254 habeas petition (*i.e.*, August 25, 2008) had already run by the time Mr. Bounds filed his state habeas petitions (March 27, 2009 and January 5, 2010, respectively). *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (not tolling the one-year limitation period for post-conviction petitions filed after the one-year period had expired), and *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same).

[6]The Court does not address whether Mr. Bounds' ***Motion for Continuance*** *(Doc. 1)*, filed on March 25, 2011, constitutes the filing date for his Section 2254 petition [*Doc. 3*] (which was filed on April 1, 2011), because, even if the Court uses the filing date of March 25, 2011, Mr. Bounds' petition is still filed much past the one-year deadline.

weekend and Memorial Day holiday), to file a direct appeal of that judgment, which he did not do, so the date that judgment would have become final is May 30, 2007.[7] *See* N.M.S.A. 1978 § 39-3-3(A)(1) (appeal shall be filed within thirty days of judgment); *see also Fitts v. Williams*, No. 00-2175, 232 F.3d 901 (Table), 2000 WL 1480494, at *1 (10th Cir. Oct. 6, 2000) (unpublished) (explaining that a petitioner cannot include the ninety-day period during which he might have filed a writ of certiorari with the United States Supreme Court in the tolling period for determining when his conviction became final when he did not seek direct review of that judgment) and *Hurst*, 322 F.3d at 1261 (explaining that the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A) begins to run on the day after expiration of the time seeking review). Because May 30, 2007, is earlier than the date used above to start the one-year limitation period (*i.e.,* August 20, 2007), Mr. Bounds' Section 2254 petition would be even more untimely under this scenario. Specifically, using May 30, 2007, as the date Mr. Bounds' judgment became final, his Section 2254 petition would have been due May 29, 2008 (because 2008 is a leap year). Taking into account six days of tolling for Mr. Bounds' motion for modification of his sentence (from April 24, 2008 to April 29, 2008), and resuming the one-year limitation period on April 30, 2008, Mr. Bounds' Section 2254 petition would have been due June 4, 2008 (*i.e.*, the original deadline of May 29, 2008 extended by the 6-day tolling period to June 4, 2008). Mr. Bounds' Section 2254 petition, filed on March 25, 2011, was untimely by approximately two years and nine months under this scenario.

Second, Mr. Bounds could argue that the date upon which the State of New Mexico's petition for writ of certiorari regarding Mr. Bounds' sentence enhancement was quashed (*i.e.,* January 16, 2008, [*Doc. 11-3*, Exhibit V]), is the date that triggers the one-year limitation period.

---

[7]The thirty days would have run on May 27, 2007, which was a Sunday, and May 28, 2007, was the Memorial Day holiday, so the thirty days ran on May 29, 2007.

Under this scenario, however, Mr. Bounds' petition would still be untimely. The parties would have had ninety (90) days, or until April 15, 2008, in which to file a petition for writ of certiorari with the United States Supreme Court. Therefore, the one-year limitation period would have begun to run on April 16, 2008, and Mr. Bounds' Section 2254 petition would have been due on April 16, 2009. This time period would have been tolled for six (6) days by Mr. Bounds' motion for modification of his sentence (from April 24, 2008 to April 29, 2008). Resuming the one-year limitation period on April 30, 2008, Mr. Bounds would have had until April 22, 2009 to file his Section 2254 petition (*i.e.*, the original deadline of April 16, 2009 extended by the 6-day tolling period to April 22, 2009). The one-year limitation period would have also been tolled while Mr. Bounds' first state habeas petition was pending. Mr. Bounds filed his first state habeas petition on March 27, 2009 ([*Doc. 11-4*, Exhibit CC]), and it was denied on July 13, 2009 ([*Doc. 11-4*, Exhibit DD]). Mr. Bounds had thirty (30) days, or until August 12, 2009, to seek review of the denial of his state habeas petition (*see* Rule 12-501(B) NMRA), which he did not do, so the one-year limitation period would resume on August 13, 2009. Thus, the limitation period would have been tolled for one hundred and thirty-nine (139) days for Mr. Bounds' first state habeas petition (from March 27, 2009 to August 12, 2009), and his Section 2254 petition would have been due September 8, 2009 (extending the April 22, 2009 deadline by 139 days to September 8, 2009). Using this calculation, Mr. Bounds' Section 2254 petition would have been due on September 8, 2009, and it was filed approximately one-and-a-half years too late.[8]

---

[8]Mr. Bounds' second state habeas petition would not toll the time period in this calculation because it was filed on January 5, 2010, which was after the one-year limitation period had run. *See Laurson*, 507 F.3d at 1232 (not tolling the one-year limitation period for post-conviction petitions filed after the one-year period had expired), and *Fisher*, 262 F.3d at 1143 (same).

While the one-year limitation period may be subject to equitable tolling, such tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control" (*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted)), and is appropriate "only in rare and exceptional circumstances" (*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and internal quotation marks omitted)).[9] The petitioner has the burden of demonstrating that equitable tolling should apply. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Mr. Bounds provides no explanation as to why he did not file his federal habeas petition within the one-year limitation period, and the Court notes that the Tenth Circuit has set forth many circumstances that do not justify equitable tolling. *See, e.g., Yang v. Archuleta*, 525 F.3d 925, 928-30 and n.7 (10th Cir. 2008) (explaining that learning disabilities, being unskilled in the English language, illiteracy, ignorance of the law, lack of legal assistance, and counsel's failure to disclose the time requirements, are all circumstances that do not justify equitable tolling). Because Mr. Bounds has failed to make any showing that he would be entitled to equitable tolling, the Court finds that his petition was untimely and all of his claims are time-barred by the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). Because the Court has determined that Mr. Bounds' petition is time-barred, it declines to decide the exhaustion issue or Mr. Bounds' claims on the merits. *See Padilla v. Hatch*, No. 07-2262, 269 Fed. Appx. 855, 856, 2008 WL 732108 (10th Cir. March 18, 2008) (unpublished) (holding that the district court was

---

[9]The United States Supreme Court has not expressly decided the question of whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005).

correct to find that the petitioner's claims were barred as untimely, and declining to address the merits of his claims).

### RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Mr. Bounds' *Petition Pursuant to 28 U.S.C. Section 2254 for Writ of Habeas Corpus (Doc. 3)* be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

*Lourdes a. Martinez*
**HONORABLE LOURDES A. MÁRTÍNEZ**
**United States Magistrate Judge**